# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISMAEL ALBERTO CORTEZ - SALAZAR,<br><br>    Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | 1:07-CV-1570-LJO WMW HC<br><br>ORDER DISMISSING ACTION |

    Petitioner is a state prison proceeding pro se on a petition for writ of habeas corpus in an attempt to challenge deportation proceedings. The opening document in this case is a Notice of Motion and Motion for Suspension of Deportation Proceedings, no actual habeas corpus petition has been filed.

    It is unclear from the papers whether an order of deportation has been entered. If no order has yet been entered, this action is premature. If an order of deportation has been entered, Petitioner's remedy lies with the United States Court of Appeals for the Ninth Circuit. On May 11, 2005, the President signed into law the "Emergency Supplemental Appropriations Act for Defense, The Global War on Terror, and Tsunami Relief, 2005." Division B of the Act is titled "REAL ID Act of 2005." Section 106 of the Act amended Section 242 of the Immigration and Nationality Act (8 U.S.C. § 1252) so as to render a

petition for review to the courts of appeal the sole and exclusive means of review of an administrative order of removal, deportation, or exclusion. Accordingly, if Petitioner wishes to challenge an order of deportation, he must do so at the Ninth Circuit.

Finally, the court notes that even if this were a properly filed petition for writ of habeas corpus, Petitioner has not made the showing necessary for the granting of a stay. A motion for a stay pending a district court's review of a petition for writ of habeas corpus on the merits is reviewed under the same standards employed in evaluating motions for preliminary injunctive relief. Andreiu v. Ashcroft, 253 F.2d 477 (9th Cir. 2001); see also Zegarra-Gomez v. INS, 314 F.3d 1124, 1125 (9th Cir. 2003). The petitioner must show "either a probability of success on the merits and the possibility of irreparable injury, or that serious legal questions are raised and the balance of hardships tips sharply in the petitioner's favor. Andreiu v. Ashcroft, 253 F.3d at 480 (quoting Abbassi v. INS, 143 F.3d 513, (9th Cir. 1998).) Here, Petitioner has identified no legal basis for challenging his deportation. Thus, no legal questions are raised, and there is no ground on which to grant injunctive relief.

Based on the foregoing, IT IS HEREBY ORDERED as follows:

1) The motion for suspension of deportation proceedings is DENIED;

2) The Clerk of the Court is directed to enter judgment for Respondent and to close this case;

3) The Clerk of the Court is directed to return to Petitioner the exhibits attached to his motion.

IT IS SO ORDERED.

**Dated:   November 6, 2007**            /s/ Lawrence J. O'Neill
                                     UNITED STATES DISTRICT JUDGE